J-S47018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC MARCED | : | |
| | : | |
| Appellant | : | No. 510 EDA 2025 |

Appeal from the PCRA Order Entered January 15, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013702-2011

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.: **FILED APRIL 29, 2026**

Appellant, Eric Marced,[1] appeals from the order entered on January 15, 2025, dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts and procedural history of this case, as gleaned from the certified record, as follows. On May 5, 2017, a jury convicted Appellant of attempted murder, aggravated assault, simple assault, recklessly endangering another person, possession of an instrument of crime, and three associated firearm violations.[2] On July 10, 2017, the trial court sentenced

---

[1] Appellant's surname name is alternatively spelled "Marced" and "Merced" throughout the certified record. We use "Marced" from the trial court caption and docket, as well as Appellant's *pro se* pleadings.

[2] 18 Pa.C.S.A. §§ 2502 (murder), 903 (criminal attempt), 2702(a) (aggravated assault), 2701(a) (simple assault), 2705 (recklessly endangering
*(Footnote Continued Next Page)*

Appellant to an aggregate term of 10 to 20 years of incarceration followed by seven years of probation, all of which was imposed consecutively to any sentence Appellant was already serving. Appellant filed timely post-sentence motions which were denied by operation of law by order entered on November 21, 2017. Appellant did not file a notice of appeal.

Appellant filed a *pro se* PCRA petition on February 1, 2019. The trial court appointed counsel who was later permitted to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In his petition, Appellant requested reconsideration of his sentence, arguing that the trial court abused its discretion by aggregating his total sentence and ordering consecutive probation, thereby making his sentence excessive. The PCRA court, thereafter, issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the PCRA petition without an evidentiary hearing. Appellant was permitted to respond but, ultimately, the court dismissed Appellant's first PCRA petition by order entered on September 23, 2019. Appellant did not appeal.

On April 13, 2022, Appellant filed a second *pro se* PCRA petition. Therein, Appellant argued that trial counsel was ineffective for failing to file a direct appeal. The PCRA court appointed counsel who was permitted to

_____

another person), 907 (possession of an instrument of crime), 6105(a)(1) (persons not to possess a firearm), 6106(a)(1) (carrying a firearm without a license), and 6108 (carrying a firearm on the streets of Philadelphia), respectively.

withdraw pursuant to **Turner**/**Finley**. On February 8, 2023, the PCRA court dismissed Appellant's second PCRA petition. Appellant did not appeal.

Appellant, acting *pro se*, filed the instant PCRA petition, his third, on May 3, 2023. The PCRA court appointed counsel who filed an amended PCRA petition. The amended petition asserted that Appellant was denied the effective assistance of trial counsel because counsel failed to file a direct appeal from the judgment of sentence. In addition, the amended petition claimed that the two subsequent appointed PCRA attorneys were also ineffective for failing to seek reinstatement of Appellant's direct appeal rights. The PCRA court held an evidentiary hearing on July 2, 2024. By order entered on January 15, 2025, the PCRA court dismissed Appellant's third PCRA petition as untimely. This timely, counseled appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

> I. Whether the PCRA court erred by dismissing the PCRA petition as untimely, when clear and convincing evidence was presented to establish that [A]ppellant was entitled to reinstatement of his direct appeal rights because trial counsel was ineffective for failing to file a timely notice of direct appeal and [A]ppellant's initial *pro se* [PCRA] petition

_____

[3] On February 12, 2025, Appellant filed a notice of appeal. On February 18, 2025, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on March 9, 2025. On April 3, 2025, the PCRA court filed a statement *in lieu* of an opinion pursuant to Pa.R.A.P. 1925(a). Therein, the PCRA court "offer[ed] its findings of fact and conclusions of law [as] stated on the record" at the evidentiary hearing held on January 15, 2025, with specific reference to the notes of testimony affixed to the decision. Statement in Lieu of Opinion, 4/3/2025, at *2.

- 3 -

satisfied the exception requirements of [42 Pa.C.S.A. § 9545(b)] and was timely filed[?]

II.     Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that prior PCRA counsel[] were ineffective for failing [to] seek reinstatement of [A]ppellant's direct appeal rights based on trial counsel's failure to file [a] timely notice of direct appeal, as [A]ppellant's subsequent *pro se* petitions satisfied the exception requirements of [42 Pa.C.S.A. § 9545(b)] and was timely filed[?]

III.    Whether the PCRA court erred by dismissing the PCRA petition when [A]ppellant presented clear and convincing evidence of violations of his constitutional rights under the United States and Pennsylvania Constitutions[?]

Appellant's Brief, at 8.

Appellant's three issues are inter-related and we will examine them together. First, Appellant claims that the PCRA court erred by dismissing his most recent PCRA petition as untimely, because he "invokes the 'new facts' exception" to the PCRA's one-year jurisdictional time-bar. *Id.* at 14. Appellant claims that he "demonstrated by clear and convincing evidence that he communicated his request for a direct appeal with trial counsel directly, and that counsel assured him that the notice of appeal would be filed after the denial of post-sentence motions." *Id.* Appellant contends that "he relied upon trial counsel's assurances that the notice of direct appeal would be filed, [but] had no way to determine that counsel had indeed failed to file notice of direct appeal" because he was incarcerated. *Id.* Appellant claims that "he learned of trial counsel's failure in November of 2018" and filed his first PCRA petition within a year of this discovery or on February 1, 2019. *Id.* at 9 and 14. As

- 4 -

such, Appellant contends that he "established that trial counsel's failure to file a direct appeal to the Pennsylvania Superior Court constituted *per se* ineffective assistance of counsel." ***Id.*** at 15. Hence, Appellant also asserts that initial and subsequent PCRA counsel were ineffective for failing to seek reinstatement of his direct appeal rights. ***Id.*** at 17. Finally, Appellant contends that "[t]he PCRA provides the exclusive remedy of restoring appellate rights due to counsel's failure to perfect a direct appeal" and that he is entitled to reinstatement of his direct appeal rights *nunc pro tunc*. ***Id.*** at 19.

"In reviewing the propriety of the PCRA court's denial of a petition for relief, we are limited to determining whether the record supports the court's findings, and whether the order is otherwise free of legal error." ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001) (citations omitted). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Id.*** (citation omitted).

The PCRA has certain time requirements for filing a PCRA petition:

**(b) Time for filing petition**.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b)(1)-(3).

We have stated:

Given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner. **Commonwealth v. Murray**, 753 A.2d 201, 202-203 (Pa. 2000). Moreover, these provisions apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. **Id.** at 202. Thus, as a general rule, the fact that counsel failed to file a direct appeal and thereby denied an appellant his constitutional right to a direct appeal, does not save that appellant's PCRA petition from the timeliness requirements of Section 9545(b). **Id.**

With respect to [S]ection 9545(b)(1)(ii), we have previously described this exception, which permits an untimely claim where the facts upon which the claim is predicated were unknown to the [petitioner] and could not have been ascertained by the exercise of due diligence, as an exception for [newly-]discovered [facts]. **Commonwealth v. Pursell**, 749 A.2d 911, 916 (Pa. 2000) (holding exception in 42 Pa.C.S.A. § 9545(b)(1)(ii) does not apply where appellant merely alleges more competent counsel would have brought other claims based on more thorough review of

- 6 -

case).  Thus, a claim that counsel was ineffective will not save an untimely PCRA petition.  ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780 (Pa. 2000) (holding current counsel's discovery that prior counsel could have raised claim was not newly[-]discovered fact that would excuse appellant's untimely filing); [***see also Commonwealth v.***] ***Fahy***, [737 A.2d 214 (Pa. 1999)] (stating claim of ineffectiveness of counsel does not save otherwise untimely petition).  Finally, the exceptions to the PCRA's one-year time limit require the petitioner to file his PCRA petition within [one-year] of the date the claim could have first been brought.  Thus, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] time frame of Section 9545(b)(1)(ii).

Therefore, if a PCRA petition is not filed within one year of the date that the judgment of sentence becomes final; or is not eligible for one of the three limited statutory exceptions to the timeliness requirement; or is entitled to one of the exceptions, but the exception is not asserted within [one-year] of the date that the claim could have been brought; then the court has no jurisdiction to address the substantive merits of the petition.

***Carr***, 768 A.2d at 1167–1168 (internal quotations, original brackets, and some case citations omitted).

In ***Carr***, we ultimately determined:

Trial counsel's failure to file a direct appeal was discoverable during [Carr's] one-year window to file a timely PCRA petition.  In fact, the expiration of [Carr's] time to file a direct appeal initiated the PCRA's one-year clock.  Thus, [Carr] had a full year to learn if a direct appeal had been filed on his behalf.  A phone call to his attorney or the clerk of courts would have readily revealed that no appeal had been filed.  Due diligence require[d] that [Carr] take such steps to protect his own interests.  The mere fact that [Carr] allege[d] his trial counsel was ineffective for not filing his appeal [did] not save his petition from the PCRA's timeliness requirements. Accordingly, the PCRA court lacked jurisdiction to entertain [Carr's] petition for relief.

*Id.* at 1168. "[A]bsent assertions of due diligence, the mere discovery of trial counsel's failure to file a direct appeal, after the one-year window to file a PCRA petition, does not [qualify] under subsection 9545(b)(1)(ii)." *Id.*

Finally, we note that under the PCRA, "an issue has been previously litigated if … it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(3). Likewise, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

Here, Appellant concedes that his "judgment of sentence became final on December 21, 2017." Appellant's Brief at 14. As such, Appellant's current PCRA petition filed on May 3, 2023, over six years later, is patently untimely. Appellant invokes the "new facts" exception of Section 9545(b)(1)(ii) in an attempt to establish jurisdiction under the PCRA. *Id.* However, as *Carr* makes clear, trial counsel's failure to file a direct appeal was discoverable by Appellant within the year after his judgment of sentence became final, if he had acted with due diligence and took steps to protect his own interests. In fact, Appellant acknowledges that "he learned of trial counsel's failure in November of 2018." *Id.* Hence, Appellant had the opportunity to raise a claim of trial counsel's ineffectiveness in his timely first PCRA petition filed on February 1, 2019, but he did not. Instead, Appellant merely requested reconsideration of his sentence. As such, Appellant waived the issue that trial counsel was ineffective for failing to file a direct appeal. 42 Pa.C.S.A.

§ 9544(b). On April 13, 2022, Appellant filed a second *pro se* PCRA petition alleging that trial counsel was ineffective for failing to file a direct appeal. As such, that issue was also previously litigated. Finally, at this stage, allegations that trial counsel was ineffective for not filing a direct appeal, or that subsequent PCRA counsel were ineffective for not challenging the issue collaterally, do not validly trigger the timeliness exception found in Section 9543(b)(1)(ii) and cannot save his current petition from dismissal. Based upon our standard of review, applicable law, and examination of the certified record, we conclude that Appellant's most recent PCRA petition was untimely and not subject to exception under the PCRA. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/29/2026